**UNITED STATES of America,
Appellee,**

v.

**Jacob Dwight MANLEY, Appellant.**

**No. 699–69.**

United States Court of Appeals,
Tenth Circuit.

Feb. 19, 1971.

Glenn E. Floyd, Oklahoma City, Okl., for appellant.

Nathan G. Graham, U. S. Atty. (Robert P. Santee, Asst. U. S. Atty., Tulsa, Okl., on the brief), for appellee.

Before LEWIS, Chief Judge, McWILLIAMS, Circuit Judge, and BRATTON, District Judge.

PER CURIAM.

This is a direct appeal from a judgment of conviction for the crime of perjury, violative of 18 U.S.C. § 1621, entered in the United States District Court for the Northern District of Oklahoma after a jury trial resulting in a verdict of guilty.

The defendant is now, and at all times pertinent to our consideration has been, a state prisoner serving a life sentence for the crime of murder. The perjury consisted of testimony given during a federal habeas corpus proceeding initiated by defendant under claim that his federal constitutional rights had been infringed through the circumstances surrounding the execution of a written request to the state trial court to expedite sentencing for and waiving his right to appeal from the murder conviction. Defendant testified in the federal hearing that while he was in custody at the state trial site

> [m]y legs were chained, my hands were handcuffed and I was chained from my legs to the bars where I couldn't get off the bed. I had no, I had no modern facilities in the cell and this is the way I had to eat and sleep, twenty-four hours a day.

The appellate contention is now made that the evidence is insufficient to sustain a finding that the subject testimony was false. In argumentative support of such contention counsel very conscientiously analyzes the testimony of each prosecution witness who testified on the subject and attempts to show that the testimony of no individual witness is sufficient to sustain the finding. This may well be so for no single witness, of course, saw defendant night and day during the total time of confinement. However the totality of the testimony of the six government witnesses who testified overwhelmingly supports the conclusion that defendant was not abused and that his testimony in such regard was false.

Claim is also made that the trial court erred in denying motion for production of grand jury records "of all proceedings" and the jury's minutes kept under Fed.R.Crim.P. 6(c). The testimony of witnesses appearing before the grand jury was not recorded and could not be produced. This procedure is not invalid. Nipp v. United States, 10 Cir., 422 F.2d 509, cert. denied, 399 U.S. 913, 90 S.Ct. 2213, 26 L.Ed.2d 569. And no showing of materiality was or could be shown for inspection of the routine minutes of the jury made pursuant to the cited rule.

Affirmed.